UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re: | Case No. 05-89610 |
| SIDLER, INC. | In proceedings under Chapter 11 |
| Debtor. / | Hon. Phillip Shefferly |
| SCOTT EISENBERG, Liquidating Trustee for Sidler, Inc., | |
| Plaintiff, | |
| v. | Adversary Pro. No. 07- |
| BUHRKE INDUSTRIES, L.L.C. | |
| Defendant. / | |

## COMPLAINT

Scott Eisenberg, Liquidating Trustee for Sidler, Inc. (the "Plaintiff"), states:

1. Buhrke Industries, L.L.C. (the "Defendant") is a Delaware limited liability company whose place of business is located at 511 W. Algonquin Road, Arlington Heights, Illinois.

2. On November 29, 2005, Sidler, Inc. (the "Debtor") filed a voluntary petition under Chapter 11 of Title 11 of the United States Bankruptcy Code (the "Petition").

3. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(F), over which this Court has jurisdiction pursuant to 28 U.S.C. §1334.

4. Venue is proper under 28 U.S.C. §1409(a).

## COUNT I: PREFERENCE

5. Pursuant to 11 U.S.C. §547(b), the Plaintiff may avoid any transfer of any interest of a debtor in property –

   i. To or for the benefit of a creditor;

   ii. For or on the account of an antecedent debt owed by the debtor before such transfer was made;

   iii. Made while the debtor was insolvent;

   iv. Made –

      1. on or within 90 days before the filing of the petition; or

      2. within one year before the filing of the petition if the creditor was an insider; and

   v. that enables the creditor to receive more than such creditor would receive if

      1. the case were a case under Chapter 7 of this title;

      2. the transfer had not been made; and

      3. such creditor received payment of such debt to the extent provided by the provisions of this title.

6. Plaintiff, pursuant to the confirmed Plan of Liquidation (the "Confirmed Plan"), has the authority to avoid transfers of interest under 11 U.S.C. §547(b) and recover transfers under 11 U.S.C. §550.

7. In the 90 days preceding the filing of the Petition, the Plaintiff made payments totaling approximately $90,555.04 to the Defendant (the "Transfers").

8. The Transfers were made for or on account of an antecedent debt.

9. The Transfers were made while the Debtor was insolvent.

10. The Transfers were of a property interest of the Debtor.

11. The Transfers enabled the Defendant to receive more than it would have received if the Transfers had not been made and the Defendant received payment to the extent provided by the provisions of Chapter 7 of Title 11 of the Bankruptcy Code.

12. The Plaintiff is entitled to avoid the Transfers made by the Debtor to the Defendant for the benefit of all of the Debtor's creditors under 11 U.S.C. §547(b) and to recover the Transfers under 11 U.S.C. §550.

**WHEREFORE,** the Plaintiff respectfully requests that this Honorable Court enter a Judgment in its favor and against the Defendant in the full amount of the Transfers plus costs, interest and attorney fees.

Respectfully submitted,

SCHAFER AND WEINER, PLLC

By: /s/ Tracey L. Porter
HOWARD M. BORIN (P51959)
TRACEY L. PORTER (P69984)
Attorneys for Plaintiff
40950 Woodward, Suite 100
Bloomfield Hills, MI 48304
(248) 540-3340
tporter@schaferandweiner.com

Dated: November 16, 2007

**EXHIBIT A**

**Buhrke Industries (5047/7009)**
**90 Day Activity**

|  | Date | Amount |
|---|---|---|
| *Payments* | 10/28/2005 | (1,027.19) |
|  | 10/28/2005 | (68,260.00) |
|  | 10/28/2005 | (1,300.00) |
|  | 10/28/2005 | (2,869.63) |
|  | 10/28/2005 | (8,549.11) |
|  | 10/28/2005 | (8,549.11) |
| *Payments* |  | (90,555.04) |